UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                    Case No. 5:22-cr-20112
                                          Honorable Judith E. Levy

vs.

Van Culver,

        Defendant.

**Stipulated Preliminary Order of Forfeiture**

    Plaintiff, by and through its undersigned attorneys, together with the defendant Van Culver ("defendant"), by and through his attorney, Daniel S. Dena, Esq., submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

    1.       On March 1, 2022, an Indictment was filed charging defendant Van Culver with Count One, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

    2.       The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a) and 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and provided notice to the defendant of its intention to seek forfeiture of any firearms and ammunition involved in or used in the knowing commission of the offense,

pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c).  (ECF No. 1, PageID 1-2)

3. The United States filed a First Forfeiture Bill of Particulars on March 8, 2023, pursuant to Federal Rule of Criminal Procedure 7(f), to provide notice of specific property the Government intends to forfeit upon conviction pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) including but not limited to:

- One Hi Point JCP, .40 caliber semiautomatic handgun, bearing serial number: 7267832
- Ammunition, Qty. 8, MNF: Smith & Wesson, CAL:40

(hereinafter referred to as "Subject Property"). (ECF No. 34, Page ID.138-139)

4. The Subject Property was involved in the defendant's violation of 18 U.S.C. § 922(g)(1) and is therefore subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and the requisite nexus exists between the Subject Property and the offense of conviction.

5. In entering into this Stipulated Preliminary Order of Forfeiture, defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5).  The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea was accepted pursuant to Federal Rule of Criminal Procedure 11 (b)(1)(J). The defendant knowingly, voluntarily and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

6. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to the defendant at the time it is entered by the Court but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

7. The forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

8. The defendant's counsel, Daniel S. Dena, affirms that he has discussed forfeiting the Subject Property with the defendant and that the defendant consents to said forfeiture.

9. Upon entry of this Order, the United States, its designee, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and/or the U.S. Marshals Service are authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property

identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10. The defendant hereby agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that any and all interest he has in the Subject Property shall be forfeited to the United States for disposition according to law.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Based upon the Indictment, the First Forfeiture Bill of Particulars, the factual basis stated on the record at the plea hearing, this Stipulation, and other information on the record and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title and interest of the defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property

on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

     3.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4.      If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2).

5.      If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

6.      After this order becomes the Final Order of Forfeiture, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

7.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

S/ K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001

S/ Daniel S. Dena (with Consent)
Daniel S. Dena, Esq. (TX 24101694)
Counsel for Van Culver
Federal Defender Office

Detroit, MI 48226  
(313) 226-0248  
Kenton.Welkener@usdoj.gov

613 Abbott Street, Ste. 500  
Detroit, MI 48226  
(313) 967-5834  
Daniel_Dena@fd.org

Dated: July 7, 2023

Dated: July 10, 2023

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: July 10, 2023

s/Judith E. Levy  
Judith E. Levy  
United States District Judge